# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:12-cv-555

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY (formerly known as USF Insurance Company), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | ORDER |
| Vs. | ) ) | |
| GPS CONSULTING, LLC; JBB SERVICES, LLC; BUDDY MILLER; BUBBA MILLER; JESSICA DUKE; and SCOTT DUKE, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Default Judgment (#8). Having reviewed the motion and the pleadings, the court issues the following findings and Order.

## I.    BACKGROUND

Plaintiff initiated this action against Defendant by complaint filed on August 25, 2012 (#1) requesting a declaratory judgment that Plaintiff is under no duty to defend or indemnify Defendants in two other lawsuits in the Northern District of Alabama ("the underlying lawsuits"). Review of the court's docket reveals that Summons and Complaint were duly served upon defendants, and that such defendants failed to plead or otherwise appear in this action, and that the Clerk of this Court properly entered Default on March 13, 2013 (#6).

Defendant's only filing is a typed letter to the court on March 29, 2013 (#7) in which they explain that they are "financially unable . . . to pay any amount of judgments," apparently referring to the two underlying lawsuits. The letter also includes a separate letter sent to

Plaintiff's attorney in this matter. On May 13, 2013, Plaintiff filed this Motion for Default Judgment.

## II.  DISCUSSION

Rule 55 "authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules," United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (internal quotation marks omitted), and requires that a plaintiff apply to the court for a default judgment when the claim is not for a "sum certain or one that can be made certain by computation." Fed.R.Civ.P.55(b).

The letter to the Court provides no explanation for their failure to answer or otherwise defend against the complaint in this matter. Furthermore, defendants have not moved to set aside the Entry of Default, nor have they responded to this motion even though the court, out of an abundance of caution, has given them more than the time allotted by the Local Civil Rules to file one. L.Civ.R. 7.1(E). The attached copy of the letter to Plaintiff's counsel reiterates Defendants' inability to afford counsel and appears to include some factual circumstances of the underlying lawsuits. As it includes nothing that could be considered a pleading or a defense, the court will grant Plaintiff's motion for declaratory judgment.

**ORDER**

**IT IS, THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (#8) is **GRANTED** and judgment is entered providing the declaratory relief sought in Plaintiff's Complaint. This action is dismissed.

Signed: June 24, 2013

Max O. Cogburn Jr.
United States District Judge